UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2566

KANAWHA COAL COMPANY,

              Petitioner,

         v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; MARTHA M. KUHN,

              Respondents.

On Petition for Review of an Order of the Benefits Review Board.
(12-0081-BLA)

Submitted:  August 30, 2013      Decided:  September 11, 2013

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mark J. Grigoraci, ROBINSON & MCELWEE PLLC, Charleston, West
Virginia, for Petitioner.  Timothy C. MacDonnell, WASHINGTON &
LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia; M. Patricia
Smith, Solicitor of Labor, Rae Ellen Frank James, Associate
Solicitor, Sean G. Bajkowski, Counsel for Appellate Litigation,
Jeffrey S. Goldberg, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kanawha Coal Company ("Employer") petitions for review of the Benefits Review Board's ("Board") decision and order affirming the administrative law judge's ("ALJ") grant of living miner benefits to former employee Richard P. Kuhn[1] under the Black Lung Benefits Act ("Act"), 30 U.S.C.A. §§ 901-945 (West 2007 & Supp. 2013). We deny the petition for review.

We review the BRB's and the ALJ's legal conclusions de novo and "independent[ly] review . . . the record to determine whether the ALJ's findings of fact were supported by substantial evidence." Island Creek Coal Co. v. Compton, 211 F.3d 203, 207-08 (4th Cir. 2000) (internal quotation marks omitted). Subject to the substantial evidence requirement, we defer to the ALJ's credibility determinations and "evaluation of the proper weight to accord conflicting medical opinions." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks omitted). The ALJ is not bound to accept any medical expert opinion but "must evaluate the evidence, weigh it, and draw [her] own conclusions," giving consideration to "the qualifications of the experts, the opinions' reasoning, their reliance on objectively determinable

---

[1] Kuhn died on February 7, 2013. We granted counsel's motion to substitute Kuhn's widow, Martha M. Kuhn, as a party to this living miner claim.

2

symptoms and established science, their detail of analysis, and their freedom from irrelevant distractions and prejudices." Underwood v. Elkay Mining, Inc., 105 F.3d 946, 949, 951 (4th Cir. 1997), superseded on other grounds as stated in Elm Grove Coal Co. v. Dir., Office of Workers' Comp. Programs, 480 F.3d 278, 287 (4th Cir. 2007).

Employer first contends that the ALJ erroneously found that Kuhn was entitled to the rebuttable presumption, resurrected by the Patient Protection and Affordable Care Act (PPACA), Pub. L. No. 111-148, § 1556, 124 Stat. 119, 260 (2010), that he is totally disabled due to pneumoconiosis.[2] Specifically, Employer argues that the ALJ failed to establish that the conditions of Kuhn's above ground employment were substantially similar to the work conditions in an underground mine. In response, the Director of the Office of Workers' Compensation Programs ("Director") states that the Department of

---

[2] Section 1556 of the PPACA, 124 Stat. at 260, amends the Act by restoring the "fifteen-year presumption" contained in Section 411(c)(4) of the Act, 30 U.S.C.A. § 921(c)(4). The presumption provides that if a miner has been employed in an underground coal mine for fifteen years or more, and if other evidence demonstrates that he has "a totally disabling respiratory or pulmonary impairment," he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis. 30 U.S.C.A. § 921(c)(4). The renewed fifteen-year presumption applies to claims filed under parts B and C of the Act after January 1, 2005, that are pending after the effective date of the PPACA, March 23, 2010. 124 Stat. at 260, § 1556(c).

Labor ("DOL") interprets the regulations to include Kuhn's above ground duties as work in an "underground coal mine" and, therefore, Kuhn was not required to prove that his work conditions were substantially similar to the work conditions in an underground mine.

If a miner was employed in underground coal mines for fifteen or more years, has had a chest x-ray interpreted as negative for complicated pneumoconiosis, and demonstrates that he has a totally disabling respiratory or pulmonary impairment, he is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis ("fifteen-year presumption"). 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a) (2013). The term "underground coal mine" is not defined in the Act. See 30 U.S.C. § 802(h)(2) (2006) (defining "coal mine"). The regulations governing the Act define an underground coal mine as "a coal mine in which the earth and other materials which lie above and around the natural deposit of coal (i.e., overburden) are not removed in mining; including all land, structures, facilities, machinery, tools, equipment, shafts, slopes, tunnels, excavations and other property, real or personal, appurtenant thereto." 20 C.F.R. § 725.101(a)(30) (2013).

Because Congress has expressly delegated to the Secretary of Labor the authority to promulgate regulations to carry out the provisions of the Act, see 30 U.S.C. § 936(a)

4

(2006), we must defer to the DOL's "interpretation of ambiguous provisions of the statutes it is authorized to implement." Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 696 (1991); see Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984) ("We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer . . . ." (footnote omitted)). When, as here, "Congress has not directly addressed the precise question at issue," Chevron, 467 U.S. at 843, we will give the DOL's regulations "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id. at 844.

We conclude that the DOL's definition of the term "underground coal mine" in the regulations to the Act is not arbitrary, capricious, or manifestly contrary to the Act. Employer does not dispute the ALJ's determination of the length of Kuhn's coal mine employment or her conclusion that Kuhn's above ground work with Employer was carried out at an underground mine site. Thus, we conclude that, because Kuhn's work with Employer was at an underground mine, the ALJ properly found that Kuhn's above ground work was qualifying employment for purposes of the fifteen-year presumption. Accordingly,

5

because all of the requirements of § 718.305(a) were met,[3] the ALJ correctly determined that Kuhn is entitled to the rebuttable presumption that he was totally disabled due to pneumoconiosis. See 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a).

Once the miner has established his entitlement to the fifteen-year presumption, an employer "may rebut such presumption only by establishing that (A) [the] miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C.A. § 921(c)(4); see 20 C.F.R. § 718.305(a) (2013); Morrison v. Tenn. Consol. Coal Co., 644 F.3d 473, 479-80 (6th Cir. 2011).

Employer contends that the ALJ erred in her decision to discredit its expert physicians' opinions, whose testimony and medical opinions were offered to rebut the fifteen-year presumption afforded to Kuhn. It is the ALJ's responsibility to make credibility determinations. Harman Mining, 678 F.3d at 310. In this case, the ALJ discredited Employers' physicians as to whether Kuhn suffered from legal pneumoconiosis because Dr. George Zaldivar did not adequately explain why Kuhn's coal dust exposure did not contribute to his totally disabling respiratory

_____

[3] All of the x-ray evidence was negative for complicated pneumoconiosis and Employer concedes that Kuhn suffered from a totally disabling pulmonary impairment.

6

impairment and Dr. John Bellotte did not adequately account for Kuhn's level of dust exposure while working above ground. We conclude that the ALJ's decision to discredit Employer's experts on the issue of legal pneumoconiosis was supported by substantial evidence.

Moreover, because the ALJ did not find Employer's physicians credible on the issue of legal pneumoconiosis, she could not credit their opinions on the causation of total disability absent "specific and persuasive reasons for concluding that the doctor[s'] judgment on the question of disability causation does not rest upon [their] disagreement with the ALJ's finding." Toler v. E. Assoc. Coal Co., 43 F.3d 109, 116 (4th Cir. 1995). Thus, we conclude that the ALJ did not err in finding that Employer failed to rebut the fifteen-year presumption afforded to Kuhn. See 30 U.S.C.A. § 921(c)(4); 20 C.F.R. § 718.305(a).

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

7